## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE KAFFKO, | ) | |
| individually and on behalf of a class of similarly | ) | |
| situated individuals, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 13-cv-5342 |
| | ) | |
| v. | ) | |
| | ) | |
| R2J2 STUDIOS, LLC, | ) | |
| a Pennsylvania limited liability company, | ) | Judge: |
| | ) | |
| *Defendant*. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Michelle Kaffko ("Plaintiff") brings this class action complaint against Defendant R2J2 Studios, LLC ("R2J2") to stop Defendant's unlawful business practice of placing unauthorized telephone calls to individuals using a prerecorded or artificial voice, and to obtain redress for all persons injured by Defendant's conduct. For her class action complaint, Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1.     In an effort to identify and solicit women potentially harmed by oral contraceptive medications, including the oral contraceptive drug Yaz, Defendant R2J2, an internet marketing company, violated federal law by making unauthorized telephone calls using a prerecorded or artificial voice ("robocalls") to the telephones of individuals throughout the nation.

2.      By effectuating these unauthorized robocalls, Defendant has caused such call recipients actual harm, not only because the called parties were subjected to the aggravation that necessarily accompanies unsolicited calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiff, frequently have to pay their phone providers for the receipt of such calls, notwithstanding that they are made in violation of specific legislation on the subject.

3.      In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which protects the privacy right of consumers to be free from receiving unsolicited telephone calls using a prerecorded or artificial voice.

4.      On behalf of herself and the proposed Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telephone calls using a prerecorded or artificial voice and an award of actual and statutory damages to the Class members, together with costs and attorneys' fees.

## JURISDICTION AND VENUE

5.      This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

6.      This Court has personal jurisdiction over the Defendant because Defendant does business in this District and nationwide and made the unauthorized calls to Plaintiff within this District.

7.      Venue is proper in the Northern District of Illinois under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant transacts business in this District, and a

2

substantial part of the events concerning the unsolicited prerecorded calls at issue occurred in this District, as Plaintiff received Defendant's unsolicited prerecorded calls within this District.

## PARTIES

8.      Plaintiff is domiciled in the State of Illinois.

9.      Defendant is a Pennsylvania limited liability company with its principal place of business located in Pennsylvania.  An internet marketing company, Defendant conducts business in Illinois, including in this District where Plaintiff received the calls at issue, and conducts business elsewhere throughout the United States.

## COMMON ALLEGATIONS OF FACT

10.      In recent years, marketers who often have felt stymied by federal laws limiting solicitation by facsimile machine and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

11.      One of the newest types of such bulk marketing is to advertise through robocalls that feature an artificial or prerecorded voice advertisement.

12.      Unlike more conventional advertisements, robocalls invade privacy and can actually cost their recipients money, because calls made to cellular telephones often result in the need for the call recipient to pay their respective wireless service providers either for each call they receive or incur a usage allocation deduction to their calling plan, regardless of whether or not the call is authorized.

13.      Over the course of an extended period beginning in at least 2013, Defendant and its agents directed the mass transmission of robocalls to the phones nationwide of what they

hoped were users of oral contraceptive medications and hormone therapies, including the oral

contraceptive drug Yaz, and potential victims of certain supposed unintended side effects.

14.     For instance, on April 15, 2013, Plaintiff's cell phone rang, indicating that a call

was being received.

15.     The "from" field of such call was identified as the phone number "(412) 430-

5524," a telephone number registered to Defendant by third-party Verizon Pennsylvania, Inc. at

the applicable time.

16.     When Plaintiff answered the call, the following audible message was announced

by an artificial or prerecorded voice in substantially the following form:

> WE ARE CALLING ON BEHALF OF A WOMEN'S PATIENT ADVOCACY
> GROUP AND ARE TRYING TO REACH WOMEN WHO WERE HARMED
> BY YAZ, YASMINE, & OTHER BIRTH CONTROL/HORMONE
> THERAPIES.
>
> IF YOU OR SOMEONE YOU KNOW OR LOVE HAS TAKEN YAZ,
> YASMINE OR ANY OTHER TYPE OF BIRTH CONTROL OR HORMONE
> THERAPIES, PRESS 1 RIGHT NOW TO TALK TO A REPRESENTATIVE.
>
> PRESS 1. PRESS 1 RIGHT NOW. PRESS 1 TO SPEAK WITH A
> REPRESENTATIVE RIGHT NOW. PRESS 1 NOW. OR PRESS 9 TO NO
> LONGER RECEIVE THESE CALLS.

17.     The above message was prerecorded, featuring a non-human "artificial" voice.

18.     Upon information and belief, Defendant and/or its agents places calls, including

the call made to Plaintiff above, *en masse* using a "predictive" dialer, which automatically places

calls without human intervention until the called party answers the call or presses the required

button, at which time the automatic dialer attempts to connect the called party with a human

representative.

4

19.     At no time did Plaintiff consent to receive any telephone calls, including any prerecorded or artificial voice calls, from Defendant.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action on behalf of herself and a class (the "Class") defined as follows: All persons in the United States and its territories who received one or more telephone calls from Defendant featuring a prerecorded or artificial voice where the called party did not consent to receive such calls.

21.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.  Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

22.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

23.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

24.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other

members of the Class.  Plaintiff and the other members of the Class have all suffered harm and

damages as a result of Defendant's unlawful and wrongful conduct.

25.     Upon information and belief, there are thousands of members of the Class such

that joinder of all members is impracticable.

26.     There are many questions of law and fact common to the claims of Plaintiff and

the other members of the Class, and those questions predominate over any questions that may

affect individual members of the Class.  Common questions for the Class include, but are not

limited to, the following:

(a)     Did Defendant systematically place calls using a prerecorded or artificial

voice to persons that did not previously provide Defendant with consent to

call their respective telephone numbers?

(b)     Did the calls made by Defendant using a prerecorded or artificial voice

violate the called parties' respective rights to privacy?

(c)     Was Defendant's conduct in violation of the TCPA willful such that the

Class members are entitled to treble damages?

## COUNT I
**(Telephone Consumer Protection Act (47 U.S.C. § 227, et seq.) on behalf of the Class)**

27.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth

herein.

28.     Defendant made unsolicited and unauthorized telephone calls using a prerecorded

or artificial voice to the telephone numbers of Plaintiff and the other members of the Class.

29.     Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and 47

U.S.C. § 227(b)(1)(B).

30.     As a result of Defendant's illegal conduct, the members of the Class suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

31.     Defendant's misconduct was willful and knowing, and the Court should, pursuant to § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1.     An order certifying the Class as defined above;

2.     An award of actual and statutory damages;

3.     An injunction requiring Defendant to cease all unauthorized prerecorded or artificial voice telephone activities;

4.     An award of reasonable attorneys' fees and costs; and

5.     Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.


Dated:  July 26, 2013

MICHELLE KAFFKO, individually and on behalf of a class of similarly situated individuals

/s/ Evan M. Meyers
One of Her Attorneys

Evan M. Meyers
MCGUIRE LAW, P.C.
161 North Clark Street, 47th Floor
Chicago, Illinois 60601
Telephone: (312) 216-5179
Fax: (312) 275-7895
emeyers@mcgpc.com